Submitted July 16, judgments reversed as to C. G., J. G., K. P., and K. G.; with respect to E. R., reversed as to father; otherwise affirmed August 21, 2013

In the Matter of E. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. G.,
*Appellant.*

Klamath County Circuit Court
0500459JV;
Petition Number 1200444M;

In the Matter of C. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. G.,
*Appellant.*

Klamath County Circuit Court
0500459JV2;
Petition Number 1200444M;

In the Matter of J. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. G.,
*Appellant.*

Klamath County Circuit Court
0500459JV3;
Petition Number 1200456;
A153386 (Control)

In the Matter of K. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. G.,
*Appellant.*

Klamath County Circuit Court
0900442JV;
Petition Number 1200445M;

In the Matter of K. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. G.,
*Appellant.*

Klamath County Circuit Court
0900442JV2;
Petition Number 1200445M;
A153388

308 P3d 1111

Peter Gartlan, Chief Defender, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

In these consolidated dependency cases, father appeals judgments in which the juvenile court asserted jurisdiction over his four children.[1] He asserts that the Department of Human Service (DHS) failed to present legally sufficient evidence to support the court's exercise of jurisdiction. *See* ORS 419B.310(3) ("The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in ORS 419B.100(1), unless admitted, must be established by a preponderance of competent evidence."). Specifically, father contends that DHS "failed to prove its factual allegations, and its failure to do so is dispositive and requires reversal." The state, for its part, concedes that "the juvenile court erred in concluding that DHS had proved the facts alleged in the petitions by a preponderance of the evidence" and, for that reason, "the judgments should be reversed." We agree and accept the state's concession.

Judgments reversed as to C. G., J. G., K. P., and K. G.; with respect to E. R., reversed as to father; otherwise affirmed.

---

[1] In one of the judgments, the juvenile court also took jurisdiction over E. R., who is not father's child. Given that father is not E. R.'s parent or guardian, it appears to be uncontested that it was inappropriate for the court to assert jurisdiction over him as to father.